IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **BARBARA SUE HAYES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:15-cv-648-MHT-PWG** |
| | ) | |
| **WAL-MART, INC.,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Barbara Sue Hayes was an employee of Defendant Wal-Mart, Inc.

("Sam's Club")[1] and alleges that she was subjected to a hostile work environment and

that the Defendants retaliated against her in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff also alleges age

discrimination in violation of the Age Discrimination in Employment Act of 1967

(ADEA), and state law claims of negligent hiring and the tort of outrage. This matter

is before the court on the Defendants' respective motions to dismiss for failure to state

---

[1]Plaintiff initiated this action naming "Wal-Mart, Inc., a corporation" as a defendant. In both its Answer (Doc. 8) and the motion before this court (Doc. 6), Sam's East, Inc., responding as Defendant Wal-Mart, Inc., states "Defendant Sam's East, Inc., [is] incorrectly identified in the Complaint as 'Wal-Mart, Inc., a corporation.'" (Docs. 6 at 1; 8 at 1). "Sam's East, Inc." has answered the Complaint without objecting to jurisdiction or venue and has not moved this court to substitute it as the named Defendant; further, Plaintiff has not moved to amend her complaint to reflect the proper name for Sam's East, Inc.

a claim upon which relief can be granted. (Docs. 6&7).  The motions are fully briefed

and are taken under submission on the record and without oral argument.

## I.    JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's

federal causes of action, and the court may exercise supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The parties do not contest

personal jurisdiction or venue, and there are adequate allegations to support both.  *See*

28 U.S.C. § 1391.  On October 22, 2015, this matter was referred to the undersigned

by U.S. District Judge Myron H. Thompson for disposition or recommendation on all

pretrial matters.  (Doc. 9).  *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.;

*United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education*

*of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.   BACKGROUND AND STATEMENT OF FACTS[2]

Plaintiff is a 58-year-old Caucasian female and had worked for Sam's Club in

Montgomery, Alabama, for 16 years. (Doc. 1 at ¶ 7).  For the last 14 years of her

career, she worked as the manager of the Vision Center at Sam's Club. (Doc. 1 at ¶

8). Defendant Ewuvonka Flournoy is an African-American woman also employed by

---

[2]These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Complaint.

Sam's Club who worked as Plaintiff's supervisor during the periods relevant to this matter. (Doc. 1 at ¶ 8-9). Plaintiff alleged in her complaint that:

> "Flournoy made [Plaintiff's] life miserable for the past three years. Ewuvonka Flournoy harassed [Plaintiff] nearly every single day. Ewuvonka Flournoy was verbally abusive toward [Plaintiff], yelling at her constantly, brutally criticizing her both privately and in public. Ewuvonka Flournoy ruled with fear and intimidation. It was well known that Ewuvonka Flournoy did not like [Plaintiff] and set out on a course of action to have [Plaintiff] terminated. The stress Ewuvonka Flournoy placed upon [Plaintiff] led [Plaintiff] to suffer multiple medical problems and to see medical treatment."

(Doc. 1 at ¶ 9). Plaintiff further alleged that under the direction and supervision of Flournoy, Sam's Club allowed a hostile work environment, ignored Plaintiff's complaints, refused to investigate them, and terminated her employment in retaliation to her complaints. (Doc. 1 at ¶ 13). Plaintiff alleged that the Defendants have a pattern and practice of race, gender, and age discrimination by terminating employment or forcing resignation. (Doc. 1 at ¶ 14). Plaintiff alleged that Flournoy demonstrated favoritism toward other African-American employees by hiring a younger, African-American woman as the Vision Center manager after Plaintiff's employment was terminated. (Doc. 1 at ¶ 12, 15). Plaintiff further alleged that Flournoy showed racial favoritism because she promoted an African-American man to manager of the Vision Center at the Auburn, Alabama, Sam's Club and because that manager was confident of his position relative to Flournoy's supervision. (*Id.*).

3

Sam's Club maintains an Ethics Committee to which employees are to report concerns with the workplace environment. (Doc. 1 at ¶ 10). Plaintiff submitted complaints to the Ethics Committee on at least five occasions during the three years she worded under Flournoy's supervision. (*Id.*) Plaintiff alleges that Sam's Club "refused to investigate any of the submissions" and terminated her employment the day after she submitted her last complaint. (*Id.*).

On September 8, 2015, Plaintiff filed a complaint in this court alleging six counts against the Defendants:

I - Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*. (Doc. 1 at ¶¶ 17-24).

II - Race Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*. (Doc. 1 at ¶¶ 25-29).

III - Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*. (Doc. 1 at ¶¶ 30-34).[3]

IV - Age Discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). (Doc. 1 at ¶¶ 35-38).

V - Negligent Hiring, Training, and Supervision under Alabama tort law. (Doc. 1 at ¶¶ 39-40).

VI - Outrage under Alabama tort law. (Doc. 1 at ¶¶ 41-42).

---

[3]Although Plaintiff brought Count III under Title VII and the same underlying facts as Counts I and II, Defendant Sam's Club does not raise any argument in its motion as to Plaintiff's Count III seeking relief for retaliation. Therefore, Count III is not addressed in this Report and Recommendation.

4

## III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the

5

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

As an initial matter, Defendant Flournoy argues that all claims against her pursuant to Title VII and ADEA are due to be dismissed. *See* "*Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (Individuals "cannot be held liable under the ADEA or Title VII.").  "Plaintiff recognizes that the Title VII, ADEA and the Negligent, Hiring & Supervision causes of action against Defendant Ewuvonka Flournoy individually should be dismissed." (Doc. 14 at 12).  Accordingly, Defendant Flournoy's motion to dismiss Plaintiff's Counts I-V against Flournoy in her individual capacity is due to be granted.

### A. Count I - Harassment/Hostile Work Environment

Defendant Sam's Club first argues that "Plaintiff's purported Title VII harassment/hostile work environment claim rests on vague and conclusory allegations that are insufficient as a matter of law to state a viable claim for harassment or a hostile work environment." (Doc. 6 at 3).

> "Title VII protects workers from a 'workplace ... permeated with "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."' *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (citation omitted). 'This court has repeatedly instructed that a plaintiff wishing to establish a hostile work environment claim show: (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive

7

> working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.' *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). In order to be actionable, the conduct in question must be 'severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive.' *Harris*, 510 U.S. at 21, 114 S.Ct. at 370. Moreover, the plaintiff must "subjectively perceive the environment to be abusive." *Id.* 'In evaluating the objective severity of the harassment, we consider, among other factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance.' *Miller*, 277 F.3d at 1276."

*Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 116-17 (11th Cir. 2010).

Moreover, complaints alleging discrimination must still meet the *Iqbal* and *Twombly* "plausibility" standard. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim).

Plaintiff's complaint specifically alleges that Flournoy "created a hostile work environment making repeated and constant remarks to [Plaintiff] concerning her job performance and other aspects of her life to the point that the comments were done so in a loud and disruptive and embarrassing manner." (Doc. 1 at ¶ 18). However, even assuming that she was in a protected class by means of her race and that she has been subject to unwelcome harassment, Plaintiff fails to plead any factual allegation to support a plausible inference that the harassment was based on a protected

8

characteristic. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, Defendant Sam's Club's motion to dismiss is due to be granted in their favor as to Count I.

## B. Count II - Race Discrimination in violation of Title VII

In her Complaint, Plaintiff alleges that she "has been discriminated against on the basis of her race in regard to her work environment, training, promotion, job assignments, job pay, and terms and conditions of employment," and that she "has been discriminated and harassed because of her race and has been subjected to unequal treatment and terms and conditions that African Americans were not similarly subjected." (Doc. 1 at ¶¶ 26-27). Plaintiff alleges that African-American employees received a more favorable work environment, that the termination of her employment was determined based on her race, and that she "was replaced by an African-American who was less qualified." (Doc. 1 at ¶ 27). Defendant Sam's Club argues that Plaintiff "fails to identify a single fact or example to support such an assertion." (Doc. 6 at 6).

> "To prevail on a claim for discrimination under Title VII based on circumstantial evidence, [a plaintiff] must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)."

*Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1289 (11th Cir. 2003). "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). In order to survive a motion to dismiss, Plaintiff's complaint must contain facts which "[allow] the court to draw the reasonable inference" that the defendant has engaged in intentional race discrimination. *Iqbal*, 556 U.S. at 678. In this case, Plaintiff has pleaded that by means of her race, she is a member of a protected class, that she was qualified for her position as manager of the Vision Center, that she was fired because of her race, and that she was replaced by someone outside her protected class. (Doc. 1 at ¶ 27). Although these allegations are circumstantial and pleaded with the thinnest of factual allegations, they are sufficient to meet the pleading requirements under Rule 8(a)(2), Fed. R. Civ. P.

### C.  Count IV - Age Discrimination

Plaintiff alleged that she

"was discriminated against and ultimately fired because of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA). It is clear from the repeated comments by Defendant Ewuvonka flournoy concerning [Plaintiff's] age that she had a clear

> animus to discriminate against [Plaintiff] because of her age and that her age was a motivating factor in the decision to terminate [Plaintiff]. Moreover, [Plaintiff] was replaced by a much younger, less qualified person."

(Doc. 1 at ¶ 36).  Defendant Sam's Club argues that Plaintiff's age discrimination lacks the requisite specificity and factual support for this claim. (Doc. 6 at 7).  The Eleventh Circuit has stated:

> "The ADEA prohibits employers from discharging an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). To show age discrimination, the plaintiff must prove that age was the 'but-for' cause of the challenged decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013).

> "Smith alleged that his termination was 'substantially motivated' by age. An age discrimination claim under the ADEA, however, requires that age be the but-for cause of the termination. Here, Smith did not allege sufficient facts to allow us to reasonably infer that [the employer] violated the but-for standard set forth in the ADEA. *See Gross*, 557 U.S. at 177–78, 129 S.Ct. at 2351; *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. Therefore, we affirm the district court's dismissal of Smith's age discrimination claim."

*Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 774-75 (11th Cir. 2013).  Similarly in this case, Plaintiff alleged that her age was "a motivating factor" for the termination of her employment rather than the but-for cause.  Additionally, she has failed to allege sufficient facts to allow a reasonable inference that Sam's Club violated the but-for standard set forth in the ADEA.  Accordingly, Defendant Sam's Club's motion to

dismiss is due to be granted in its favor as to Count IV.

### D. Count V - Negligent Hire, Training, and Supervision

Plaintiff alleged that Defendant Sam's Club "negligently hired, trained and supervised Defendant Ewuvonka Flournoy" and that as a result, "Flournoy engaged in discriminatory and improper conduct as set forth herein..." (Doc. 1 at ¶ 40). Plaintiff fails to allege any act taken by Sam's Club in its hiring, supervision, or training of Flournoy by which it would have breached its duty to Plaintiff. As stated above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, Defendant Sam's Club's motion to dismiss is due to be granted in its favor as to Count V.

### E. Count VI - Outrage

Plaintiff's allegation in regard to her claim of outrage, in its entirety, is that "Defendants' conduct as described herein shocks the conscience of a reasonable person, including Plaintiff. Plaintiff was damaged as a proximate result of Defendants' conduct as set forth above." (Doc. 1 at ¶ 42). "The tort of outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). "It should also be noted that this tort does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' Comment,

[Restatement (Second) of Torts § 46 (1948)] at 73. The principle applies only to unprivileged, intentional or reckless conduct of an extreme and outrageous nature, and only that which causes severe emotional distress." *Am. Rd. Serv. Co. v. Inmon*, 394 So. 2d 361, 364-65 (Ala. 1980).

> "It is clear, however, that the tort of outrage is viable only when the conduct is '"so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."' *Horne v. TGM Assocs., L.P.*, 56 So. 3d 615, 631 (Ala. 2010) (quoting *Inmon*, 394 So. 2d at 365)."

*Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011).

Plaintiff fails to allege which, if any, action committed by either Defendant goes beyond all possible bounds of decency reaching the extreme, atrocious, and intolerable nature that outrage contemplates.  As stated above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, Defendants' motions to dismiss are due to be granted in their favor as to Count VI.

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant Sam's Club's motion to dismiss (Doc. 6) is due to be **GRANTED IN PART** and **DENIED IN PART**.  The motion to dismiss is due to be **GRANTED** as to the Plaintiff's claims against Sam's Club in Counts I and IV-VI.

Sam's Club's motion to dismiss is due to be **DENIED** as to Plaintiff's claim of race discrimination in Count II.

It is the further **RECOMMENDATION** of the Magistrate Judge that Defendant Ewuvonka Flournoy's motion to dismiss (Doc. 7) is due to be **GRANTED** as to Counts I-VI.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **March 15, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 1st day of March, 2016.

/s/ Paul W. Greene
United States Magistrate Judge